UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LIBERTY MUTUAL INSURANCE CO.,

                    Plaintiff,                    **ORDER**
                                                       CV 06-391 (NGG) (ARL)

      -against-

LAWRENCE BLESSINGER, SR., et al.,

                    Defendants.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Presently before the court is a letter motion to stay discovery by twenty-four of the twenty-eight defendants, Lawrence Blessinger, Sr., Lawrence Blessinger, Jr., Marianne Blessinger, James Granelle, Luxury Limited, Luxury Transportation, Inc., Transportation Planning Corp., Reygan Conveyance Corp., K & J Limousine, Inc., KMO Transportation, Inc., LBJ Auto Sales, Inc., Blessinger Leasing, Inc., All Island Taxi, Inc., All Island Airport Service, Inc., Ollie's Airport Service, Inc., Ollie's Management Group Ltd., Ollie's South Shore, Inc., Ollie's Trans, Inc., MEB conveyance Corp., Port Conveyance, Inc., Taxi Latino of Long Island, Inc., Fiesta Management of Long Island, Inc., RPM of Long Island, Inc. and All Coast Agency, LLC (the "moving defendant") pending determination of their motion to dismiss by District Judge Nicholas G. Garaufis.[1] By order of referral dated June 29, 2006, Judge Garaufis referred the stay application, dated June 1, 2006 and the plaintiff's June 6, 2006 letter in opposition to the undersigned for determination. In addition, the plaintiff moved by letter application dated June 28, 2006 before the undersigned for entry of a proposed pretrial scheduling order. The moving defendants opposed that application by letter also dated June 28, 2006.[2] For the reasons that follow, both applications are **DENIED**.

      The law is clear in this court that there is no automatic stay of discovery pending the determination of a motion to dismiss. See, e.g., Osan Limited v. Accenture LLP, CV 05-5048 (SJ)(MDG), 2006 WL 1662612, *1 (E.D.N.Y. June 13, 2006). Rather, Federal Rule of Civil Procedure 26(c) permits a district court to stay discovery during the pendency of a motion to dismiss for "good cause shown." Fed. R. Civ. P. 26(c); see also Port Dock and Stone Corp. v.

---

[1] Pursuant to the briefing schedule set by Judge Garufis for the defendants' motion to dismiss, the defendants' moving papers were electronically filed on June 23, 2006. The plaintiff's opposition papers are due on July 28, 2006 and any reply by August 11, 2006.

[2] The plaintiff and moving defendants have also submitted sur-replies dated June 28 and June 29, 2006 respectively. As these letter were submitted in violation of the undersigned's individual rules, they have not been considered.

Old Castle North East, Inc., No. CV 05-4294 (DRH), 2006 WL 897996 (E.D.N.Y. March 31, 2006); United States v. County of Nassau, 188 F.R.D. 187, 188 (E.D.N.Y. 1999). The party seeking a stay of discovery bears the burden of showing good cause. Osan, 2006 WL 1662612, at *1. The "good cause" requirement is not satisfied simply by filing a dispositive motion. Port Dock, 2006 WL 897966, at *1 ("It is, of course, black letter law that the mere filing of a motion to dismiss the complaint does not constitute "good cause" for the issuance of a discovery stay."). Rather, in deciding whether to grant a discovery stay, a court "must look to the particular circumstances and posture of each case." Osan, 2006 WL 1662612, at *1. In determining whether a stay of discovery is warranted, courts generally consider the following factors: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Port Dock, 2006 WL 897996, at *1. Consideration of "the nature and complexity of the action" and "whether some or all of the defendants have joined in the request for a stay" are also relevant to the analysis. Id.

Here, the plaintiff's complaint asserts twenty-three claims for relief for alleged violations of the civil RICO statute, 18 U.S.C. §1962, fraud, breach of contract, unjust enrichment and quantum meruit. The court has reviewed the defendants' moving papers, which seek to dismiss the majority of claims against all but four of the defendants, and finds that while the moving defendants may achieve some level of success with the filing of their motion, it is doubtful that instant action will be dismissed. Moreover, as the moving defendants' challenge to the complaint goes to the sufficiency of the pleading such defect may be cured by granting plaintiff leave to amend the complaint. Osan, 2006 WL 1662612, at *1 ("Even if the defendants prevail on their argument regarding the insufficiency of the allegations for common law fraud in the current complaint, the insufficiencies may very well be cured by allowing plaintiff to file an amended complaint.")(citing Rajbhandari v. Shah, No. 02 Civ.8778, 2006 WL 74393, at *6 (S.D.N.Y. Jan. 11, 2006)(motion to dismiss fraud clam granted and complaint dismissed with leave to replead where plaintiff failed to comply with Fed. R. Civ. P. 9(b))(additional citation omitted)).

Given these circumstances, together with the fact that there has been no request to stay discovery by the nonmoving defendants as they have not weighed in on this stay application, a stay of discovery will only unnecessarily delay this matter. Accordingly, the application to stay discovery pending determination of the motion to dismiss is **DENIED.** However, to accommodate the moving defendants' concern that "requiring full disclosure at this stage in the litigation . . . will cause substantial and unnecessary burden and legal expenses" the court directs that the parties limit discovery at this juncture to document discovery. Depositions should not be undertaken without further leave of the court. The parties shall notify the undersigned in writing within two weeks of a decision on the motion to dismiss.

Dated: Central Islip, New York  **SO ORDERED:**
      July 11, 2006  _____/s/_____
                                                           ARLENE R. LINDSAY
                                                           United States Magistrate Judge