FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT. E.D.N.Y.
★ MAR 27 2007 ★
BROOKLYN OFFICE



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

LIBERTY MUTUAL INSURANCE COMP.,

        Plaintiff

-against-

LAWRENCE BLESSINGER, SR., et. al.

        Defendants.
-------------------------------------------------------------X

MEMORANDUM & ORDER

06 CV 391 (NGG) (ARL)

GARAUFIS, District Judge.

On January 24, 2007, Magistrate Judge Arlene R. Lindsay issued a Report and Recommendation ("R & R") recommending that this court deny the motion to dismiss this action filed by Defendants Lawrence Blessinger, Sr., Lawrence Blessinger, Jr., and Marianne Blessinger (collectively "Blessinger Defendants"), and Luxury Limited, Luxury Transportation, Inc., Transportation Planning Corp., Reygan Conveyance Corp., K&J Limousine, Inc., KMO Transportation, Inc., LBJ Auto Sales, Inc., Blessinger Leasing, Inc., All Island Taxi, Inc., All Island Airport Service, Inc., Ollie's Airport Service, Inc., Ollie's Management Group Ltd., Ollie's South Shore, Inc., Ollie's Trans, Inc., MEB Conveyance Corp., Port Conveyance, Inc., Taxi Latino of Long Island, Inc., Fiesta Management of Long Island, Inc., RPM of Long Island Inc., and All Coast Agency, LLC (collectively, "corporate Defendants").[1] The moving Defendants submitted a timely statement of objections to the R & R, thereby requiring this court to make a *de novo* review of all portions of the R & R to which Defendants specifically objected.

---

[1] Defendants James Granelle, Lynn Citron, Jeff Citron, Citron Agency, and Elis Agency, Inc. (collectively "Broker defendants") filed their answer on April 28, 2006 and have not moved to dismiss the complaint.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Having so reviewed Judge Lindsay's R & R, I adopt her recommendations in their entirety and deny Defendants' motion to dismiss.

## I. Factual Background

For the purpose of resolving the present motion, familiarity with the facts and R & R is presumed. The complaint stems from the Blessinger Defendants' alleged scheme to defraud the Plaintiff, Liberty Mutual, an auto liability insurance provider, by fraudulently obtaining insurance from Plaintiff over several years without paying the applicable premium rates. Specifically, Plaintiff alleges that the Blessinger Defendants own and control a large taxi and livery business servicing urban areas of Long Island, which it operated through the corporate Defendants. Plaintiff claims that many of the corporate defendants constituted "shell companies" which falsely represented to Plaintiff that they sought to insure school buses to service rural areas of Long Island, thereby concealing the true nature and location of the risk being insured and avoiding payment of more than $6,000,000 in insurance premiums.

## II. Discussion

Defendants object to Judge Lindsay's findings on the same grounds on which they based their motion to dismiss. Specifically, they allege that Plaintiff did not plead the complaint with sufficient particularity with respect to both the Blessinger Defendants and the corporate Defendants. I will address both sets of objections in turn.

### *The Blessinger Defendants*

With regard to the Blessinger Defendants, Defendants renew their allegation that the complaint contained only "vague and conclusory allegations" and did not allege with sufficient

2

specificity the fraudulent conduct upon which the RICO and fraud claims are predicated. (Objections to Report and Recommendation of Magistrate Judge Lindsay ("Obj.") at 4-5, 9-10.) I find this argument to be unpersuasive. Judge Lindsay conducted a thorough and well-reasoned analysis regarding each of the Blessinger Defendant's conduct alleged in the complaint, based upon which she correctly concluded that the Complaint's allegations were properly plead. (See R & R at 8-10.)

Defendants also reassert their challenge to the Complaint's sufficiency as to Defendant Granelle. Specifically, Defendants contend that the Complaint's allegation that Granelle owned and operated one of the broker Defendants, and thus was an 'insider,' was not sufficient to support a RICO or fraud claim since, according to Defendants, the group pleading doctrine applies only in securities fraud cases. (Obj. at 4-5.) This is simply untrue. See, e.g., United States Fire Ins. Co. v. United Limousine Sevice, Inc., 303 F.Supp.2d 432 (S.D.N.Y. 2004) (invoking the group pleading doctrine where defendants were sued for automobile insurance fraud). Although the cases presented by Defendants all involved invocation of the group pleading doctrine in securities fraud, not one suggests that the doctrine is limited to the securities fraud context. See In re Elan Corporation Securities Litigation, No. 02 Civ. 865 (RMB)(FM), 2004 U.S. Dist. LEXIS 9913 (S.D.N.Y. May 18, 2004); Elliot Associates v. Hayes, 141 F.Supp.2d 344, 354 (S.D.N.Y. 2000).

*The Corporate Defendants*

Defendants also continue to challenge the Complaint's specificity with regard to the corporate Defendants, claiming that the Complaint was insufficient to establish alter ego liability. (Obj. at 5-6, 10-11.) As Judge Lindsay properly found, however, the Complaint adequately

3

details the common ownership, addresses, telephone numbers, and operation of the corporate Defendants in order to establish alter ego liability. (See R & R at 11-12, 23-24.)

Defendants' next claim, that the first seven counts of the Complaint should be dismissed because the alleged purpose of the claimed enterprises was identical to the pattern of racketeering activity, is similarly meritless. (See Obj. at 6.) As Judge Lindsay correctly determined, that argument "rests on a legal standard that has been expressly disavowed by the Second Circuit." (Id. (citing Feinberg v. Katz, No. 99 Civ. 45 (CSH), 2002 U.S. Dist. LEXIS 13771, at *37 (S.D.N.Y. July 26, 2002).)

Defendants also renew their assertion that Plaintiff failed to adequately allege either that the racketeering activity constituted an open-ended threat of continuing racketeering activity or closed-ended pattern of racketeering activity necessary to establish a "pattern" as required by the RICO statute. (Obj. at 8-9.) As Judge Lindsay correctly found, because Defendants' continued filing of fraudulent papers to obtain insurance premiums on their taxi and livery cars represented the "regular way" of conducting their ongoing legitimate business, the facts as alleged in the Complaint are sufficient to establish an open-ended threat of continuing racketeering activity. See H. J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 242 (1989).

Furthermore, as Judge Lindsay rightly determined, the Plaintiffs also established a closed-ended pattern of racketeering activity. To establish closed-ended continuity, "a plaintiff must provide some basis for a court to conclude that defendants' activities were 'neither isolated or sporadic.'" GICC Capital Corp. v. Technology Finance Group, Inc., 67 F.3d 463, 467 (2d Cir. 1995). Here, the initial predicate act alleged by Plaintiff took place on August 7, 2002, when Defendants first mailed to Plaintiff a fraudulent application for auto insurance on behalf of K & J

4

Limousine, Inc. (Compl. at ¶ 116.) The last predicate act alleged took place on July 20, 2005, when KMO Transportation mailed a response to a request for information from Plaintiff. (Id.) In the interim, Plaintiffs allege that Defendants committed an additional 58 predicate acts. The nearly three years of racketeering activity certainly constitutes a "substantial period of time" for the purposes of the RICO statute, see Metromedia Co. v. Fugazy, 983 F.2d 350, 369 (2d Cir. 1992) (finding two year period of racketeering activity to be sufficient), especially in light of the volume of predicate acts alleged to have taken place during that time period, Breslin Realty Development Corp. v. Schackner, 397 F. Supp.2d 390, 401 (E.D.N.Y. 2005) (explaining that the court should consider, inter alia, the number of alleged predicate acts when evaluating whether a closed-ended pattern of racketeering activity has been established).

For the foregoing reasons, the court DENIES the Defendants' objection and ADOPTS the R & R in its entirety.

SO ORDERED.

Dated: March 23, 2007
Brooklyn, N.Y.

/signed/
Nicholas G. Garaufis
United States District Judge

5