UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
LIBERTY MUTUAL INSURANCE CO.,

                        Plaintiff,                        **ORDER**
                                                                             CV 06-391 (NGG) (ARL)

       -against-

LAWRENCE BLESSINGER, SR., et al.,

                        Defendants.
---------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

        By letter dated June 14, 2007, the plaintiff seeks an order compelling the Blessinger defendants[1] to respond to its interrogatories. The Blessinger defendants respond to the application by letter dated June 19, 2007. According to these defendants, the plaintiff has not first attempted to resolve the discovery dispute by conferring in good faith and, in fact, "refuses to confer either in person or by phone, insisting that we engage in an expensive letter writing campaign." While plaintiff represents that the parties' "meet and confer efforts have proved fruitless," it appears that the only efforts made by the plaintiff have been by letter.[2]

        As an initial matter, the undersigned's individual practices and the Local Rules of this District require that the parties first attempt to resolve discovery disputes by conferring in good faith before seeking judicial intervention. See Individual Practices of Magistrate Judge Arlene R. Lindsay, Rule 2(A)(1) and Local Civil Rule 37.3. "Good faith" requires "in-person contact either by telephone or in person." Individual Practices of Magistrate Judge Arlene R. Lindsay, Rule 2(A)(1).

        Notwithstanding this failure, it appears from the submissions that the defendants have refused to answer a single interrogatory claiming essentially that they are unreasonable and abusive because the interrogatories served on each defendant total 557 interrogatories exclusive of subparts. Defendants arrive at the 557 figure by multiplying the number of interrogatories served by the number defendants to which they are addressed. Plaintiff calculates that the interrogatories propounded total 63 because it has served just three sets of interrogatories each of which has less than 25 interrogatories to three defined defendant groups: (1) the individual Blessinger defendants (20 interrogatories); (2) the Blessinger Companies (23 interrogatories); and (3) the Broker defendants (20 interrogatories).

        Federal Rule of Civil Procedure 33(a) provides, in relevant part: "Without leave of court

---

[1] The "Blessinger defendants" are all defendants other than Jeff Citron, Lynn Citron, Lynn Citron Insurance Agency and Elis Agency, Inc.

[2] The plaintiff has also requested permission to submit a reply letter, or, alternatively, that the court schedule a telephone conference. See Pollard letter, letter dated June 20, 2007. The court finds that a reply letter or teleconference is not necessary at this time.

or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served ...." While a literal reading of this Rule permits each *party* to serve 25 interrogatories on any other *party,* some courts in this Circuit have questioned that approach. See Zito v. Leasecomm Corp., 233 F.R.D. 395, 399 (S.D.N.Y. 2006) (concluding that a sensible approach is to limit the number of interrogatories by groups rather than parties). Other courts to examine this issue have also declined to strictly apply Rule 33(a). See, e.g., Gucci America, Inc. v. Exclusive Imports Int'l., 2002 WL1870293 (S.D.N.Y. Aug. 13, 2002) (rejecting claim by the six defendants that they were entitled to serve 150 interrogatories and limited the number of interrogatories 45 where the defendants were acting in unison); In re Independent Energy Holdings Secs. Litig., 2003 WL 42010, at * 1 (S.D.N.Y. Jan. 6, 2003)(acknowledging that "joint or aligned parties are entitled to only 25 interrogatories).

Here, the plaintiff served interrogatories on three groups of defendants. The groups which are broken down by their participation in the alleged scheme provide an entirely sensible way to parse out interrogatories in this case. To the extent that the defendants claim that the subparts exceed permissible interrogatory limits, the parties are directed to confer on this issue in person or by telephone.

Dated: Central Islip, New York  
June 25, 2007

**SO ORDERED:**

_____/s/_____  
ARLENE R. LINDSAY  
United States Magistrate Judge