UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LIBERTY MUTUAL INSURANCE CO.,

                         Plaintiff,                                 **ORDER**
                                                                                                      CV 06-391 (NGG) (ARL)

       -against-

LAWRENCE BLESSINGER, SR., et al.,

                        Defendants.
-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       By letter dated October 12, 2007, the "Blessinger" defendants (all defendants other than Jeff Citron, Lynn Citron, Lynn Citron Insurance Agency, Inc. ("the Citrons") and the Elis Agency, Inc. ("Elis") seek an order compelling the plaintiff, Liberty Mutual Insurance Co. ("Liberty") to comply with its discovery obligations. More specifically, the Blessinger defendants contend that Liberty has refused to produce: (1) information about transactions involving Liberty and the Citron and Elis defendants; (2) information about the relationship between Liberty, the Citrons and Elis and the New York Automobile Insurance Plan ("NYAIP"); (3) a calculation of the premium amount Liberty believes it is owed; and (4) statements regarding the policy limit amounts reported to accident victims. Liberty opposes the application by letter dated October 18, 2007. The court addresses each of these categories below.

       With regard to the information about transactions involving Liberty and the Citron and Elis defendants, the Blessinger defendants explain that the Citrons and Elis defendants were the brokers on 39 policies underwritten by Liberty for other insureds. Accordingly, the Blessingers contend that they require the underwriting files for all of these policies so that they can compare the applications at issue in this case with the other applications so as to ascertain whether Liberty knew or should have known that the applications at issue in this case contained false information and/or forged signatures. The Blessingers contend that this information is relevant to their unjust enrichment claim, as well as their defenses of contributory negligence, comparative fault, mitigation of damages, and waiver in addition to their cross-claims against the Citrons and Elis. Liberty contends that the discovery sought is unduly burdensome and irrelevant. Nevertheless, Liberty has agreed to provide six of the underwriting files to be selected at random by the Blessingers. The court finds that Liberty's approach is a reasonable initial step. However, Liberty shall provide ten underwriting files to be selected by the Blessingers.

       Turning next to the information about the relationship between Liberty, the Citrons and Elis and the NYAIP, Liberty has agreed to provide any non-privileged Plan documents related to the policies at issue. Accordingly, given Liberty's representation, this prong of the application is denied at this time.

       With regard to the request to compel a calculation of the premium amount Liberty

believes it is owed, Liberty asserts that the request is premature because discovery is still ongoing. The court agrees. Accordingly, this prong of the application is denied.

Finally, Blessinger defendants' request for statements regarding the policy limit amounts reported to accident victims is denied. While the Blessinger defendants claim that these statements are relevant because they concern the policies at issue in this case, Liberty contends that the statements are irrelevant because the limit of liability for each policy is established by the insurance contract and any endorsements to the insurance contract. On the record presented, the court agrees that the statements are irrelevant to the claims and defenses in this lawsuit.

Dated: Central Islip, New York  
       October 22, 2007

**SO ORDERED:**

_____/s/_____  
ARLENE R. LINDSAY  
United States Magistrate Judge